FILED
JAMES J. VILT JR, CLERK
8/24/2026
U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:26-cv-656-CRS
***Filed Electronically***

ROAD DOG INDUSTRIAL, LLC PLAINTIFF

v. **VERIFIED COMPLAINT**

DARANA HYBRID, INC. DEFENDANT

**Serve: Cogency Global, Inc.**
**992 Davidson Drive, Suite B**
**Nashville, TN 37205-1051**

Comes now the Plaintiff, Road Dog Industrial, LLC ("Road Dog"), and for its Verified Complaint against Darana Hybrid, Inc. (hereinafter "Darana"), states as follows:

1. Road Dog is now, and at all times relevant to this action, was, a limited liability company formed pursuant to the laws of the Commonwealth of Kentucky, with its primary business address at 11530 Electron Drive, Louisville, Kentucky 40253. Its members are Hammer Down, Inc. and TB Industries, Inc., both Kentucky corporations.

2. Defendant Darana is a Tennessee corporation, whose registered agent is Cogency Global Inc. at 992 Davidson Drive, Suite B, Nashville, TN 37205-1051, through which Darana may be served.

3. Darana is subject to the personal jurisdiction of this Court, and its agent Cogency Global, Inc. may be served through the Kentucky Secretary of State under Kentucky's Long Arm Statute, KRS 454.210.

4. The amount at issue, greater than $75,000 exclusive of interest and costs, exceeds the minimum jurisdictional amount necessary to invoke the jurisdiction of this Court. Road Dog through its members is a citizen of Kentucky and Defendant Darana is a Tennessee corporation, whose principal place of business is 903 Bell Avenue, Hamilton, OH 45015. Because Darana is a citizen of a different state from Road Dog, diversity jurisdiction rests in this Court pursuant to 28 USC § 1332. Venue is proper in the Louisville Division as the cause of action arose in Jefferson County, Kentucky. Further, these parties contractually agreed that venue lies with this honorable court. See Customer Agreement at Exhibit A, Section 14.

5. Road Dog and Darana entered into this written Customer Agreement on or about April 4, 2018. Under the Customer Agreement, Plaintiff Road Dog, at its Louisville, Kentucky business, agreed to perform staffing services and assign laborers to Darana for its construction projects, and to bill Darana for those services. A true and correct copy of the Customer Agreement is attached hereto as Exhibit A and incorporated herein by reference.

6. Under the terms of the Customer Agreement, Darana agreed to pay Road Dog, pursuant to a rate schedule, for Road Dog to supply labor to Darana, as ordered by Darana, on projects where Darana served as a contractor. Darana placed extensive orders over time to Road Dog in Louisville, Kentucky, for hundreds of laborers over the course of 8 years.

7. Plaintiff Road Dog performed all conditions under the Customer Agreement by supplying laborers to Darana, as ordered by Darana.

8. Darana is in breach of the subject Customer Agreement, by failing and refusing to pay invoices totaling $2,133,841.58. Despite Darana having placed the orders

for hundreds of laborers and Road Dog having fulfilled orders over time, Darana has refused to pay invoices totaling $2,133,841.58. Road Dog complied with all terms and conditions of the Customer Agreement by supplying laborers ordered by Darana, and Road Dog covered the laborers' pay and benefits, yet there remains due and owing the sum of $2,133,841.58.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

9. Plaintiff Road Dog reiterates and incorporates by reference each and every allegation of paragraphs 1-8 above, as though fully set forth herein.

10. Darana has breached the above-described Customer Agreement by failing to pay Plaintiff Road Dog all of the sums that are due under the Customer Agreement. In total, the principal amount of $2,133,841.58 remains due, owing, and unpaid.

11. Plaintiff Road Dog has performed all conditions in accordance with the terms and conditions of the Customer Agreement. Darana failed to pay invoices, despite continuing to order staff from Road Dog.

12. As a direct and proximate result of Darana's breach of the Customer Agreement, Plaintiff Road Dog has been damaged in the principal amount of $2,133,841.58. Plaintiff is entitled to prejudgment and post-judgment interest on this liquidated amount at the highest legal rate. Pursuant to Section 7(b) of the Customer Agreement, Plaintiff Road Dog is further entitled to all costs incurred for collection, including attorney's fees.

## SECOND CAUSE OF ACTION
## DEBT DUE ON AN OPEN ACCOUNT

13. Plaintiff Road Dog reiterates and incorporates by reference each and every allegation of paragraphs 1-12 above, as though fully set forth herein.

14. Darana became indebted to Plaintiff Road Dog on an open book account in the amount of $2,133,841.58, with prejudgment interest accruing at the highest legal rate, plus late fees, and attorney's fees.

15. Despite demand for payment in full, Darana has refused and continues to refuse to pay the principal balance due of $2,133,841.58, plus interest and late fees.

WHEREFORE, Plaintiff Road Dog Industrial, LLC respectfully demands as follows:

1. For judgment against Darana Hybrid, Inc. for the principal sum of $2,133,841.58;
2. For interest and late fees accruing on this amount at the rate stated in the Customer Agreement, and, upon judgment, interest at the judgment rate, as allowed by statute;
3. For its costs incurred for collection of the amount, including its reasonable attorney's fees as authorized by the Customer Agreement;
4. For such other and further relief as the Court may deem just and proper.

This 24th day of August, 2026.

Timothy L. Edelen
Bell, Orr, Ayers & Moore, PSC
1010 College Street; P. O. Box 738
Bowling Green, KY 42102-0738
Phone: (270) 781-8111
Fax: (270) 781-9027
Email: edelen@boamlaw.com

/s/Timothy L. Edelen

Counsel for Plaintiff
Road Dog Industrial, LLC

**VERIFICATION**

Comes Taylor Ballard, and states that he has read the foregoing VERIFIED COMPLAINT and that the statements contained therein are true to the best of his knowledge and belief.

This 21st day of August, 2026.

TAYLOR BALLARD, VP of Sales
ROAD DOG INDUSTRIAL, LLC

STATE OF KENTUCKY }
}SCT.
COUNTY OF Jefferson }

SUBSCRIBED AND SWORN TO before me by Taylor Ballard, VP of Sales, Road Dog Industrial, LLC on this 21st day of August, 2026.

Notary Public, State of Kentucky at Large

Notary ID: KYNP96234

Commission Expires: 1/27/29

AMY JO ALLEN
Notary Public
Commonwealth of Kentucky
Commission Number KYNP96234
My Commission Expires Jan 27, 2029

# EXHIBIT A

Road Dog Industrial
12701 Towne Park Way
Louisville, Kentucky 40243
Phone: (502) 526-1077
Fax: (502) 526-0199

Client: Dayana Hybrid
Address: 345 High Street Suite 510
City: Hamilton State: OH Zip: 45011
Phone: 513 785 7540
Fax: 513 785 7398

## CUSTOMER AGREEMENT

1. Duration of Contract: This contact shall commence on the date it is fully executed and continue indefinitely. Either party may terminate this contract by giving the other fourteen (14) days with written notice.

2. Terms of Contract: Road Dog Industrial agrees to assign employees to the Client on a permanent basis and assume responsibility for the payment of wages to its employees so assigned. Road Dog Industrial shall, with respect to its employees, be responsible for withholding federal and state income taxes, paying federal social security taxes, and maintaining workers' compensation insurance coverage in an amount and under such terms as required by the State.

3. Equal Opportunity Employment: Client understands and agrees that both parties will assign employees without regard to race, religion, gender, political affiliation, or legally recognized and organized organizations, including but no limited to unions, lodges. and orders.

4. Control of Work: Client acknowledges that Client is solely responsible for directing, supervising on a day to day basis, and controlling the employees and the employees' work. Client shall, at its sole discretion, terminate any employee assigned under this contract at any time for any lawful reason.

5. Pre-Employment Background Checks and Testing: Client agrees to be responsible for and will bear any and all costs associated with any and all background checks or other testing which Client chooses to administer to prospective employees.

6. Non-Solicitation - No Hire Policy: Client agrees to not recruit and/or employ any employees obtained through Road Dog Industrial, or any worker sent to Client by Road Dog Industrial, for separate employment by Client during the term of this contract and for a period of 6 months following termination, without the written consent of Road Dog Industrial. At which time client may decide they want to hire one of Road Dog Industrials employees, client will at that time negotiate options with Road Dog Industrial.

7. Payment Terms: Client shall pay Road Dog Industrial the bill-out rates per hour for each employee provided by Road Dog Industrial, multiplied by the number of hours worked by such worker. Client is solely responsible for maintaining an accurate record of hours worked, or verifying the accuracy of the records of actual time worked, by employee obtained through Road Dog Industrial.

(a) Rate Schedule: An Employee's wages and related Road Dog Industrial bill rates to clients have been negotiated separately and agreed to. Client shall pay all invoices upon receipt or terms agreed upon in paragraph "e" listed Provisional Payment terms.

(b) Condition of Sale: In consideration for any extensions of credit, purchaser agrees to the terms of sale shown above. Customer also agrees to pay a late charge rate equal to the maximum legal rate for contracts, or five percent per annum, which ever is less, on the unpaid delinquent balance until the amount is paid in full. The Customer also agrees to pay all costs of collection, including lien fees, actual attorneys' fees and costs reasonably incurred by Road Dog Industrial. ("Seller").

(c) Customer hereby affirms that the information contained in this application is true, complete, and correct, and that seller is relying on information if it makes the requested extension of credit.

(d) Seller is authorized to make any investigation of Customer's credit and/or employment status, either directly or through any source employed by Seller. Seller may disclose to any other interested parties, seller's credit experience with my/our account. Seller may keep this application even if it decides not to extend credit.

(e) Provisional Payment terms: Net 21 days from date of invoice, unless credit limit is exceeded. In the event credit limit is exceeded, terms will default to net 14 days. Terms will return to net 21 days, once invoicing falls below credit limit, or credit limit is able to be increased.

8. Limitation of Services and Liability: Client agrees that no worker shall be permitted to operate any vehicle or any piece of machinery for which training is necessary, for Client for any purpose whatsoever, without the express written consent of Road Dog Industrial, and only after proper training or licensing (if required) has been verified. In the event of client's breach of this provision, Client shall release, hold harmless and fully indemnify Road Dog Industrial for all costs, expenses, fees (including reasonable attorney's fees) and damages incurred by Road Dog Industrial in responding to, defending or otherwise dealing with any such claims or lawsuits arising there from.

9. Insurance: Client agrees to provide general liability insurance coverage for Road Dog Industrial and Road Dog Industrials' workers provided under this Agreement, with a minimum liability limit of $1,000,000 per occurrence. Client shall provide a certificate of insurance to Road Dog Industrial upon request.

10. Risk of Loss: Road Dog Industrial shall not be liable or responsible for act of God, fire, theft, collision, vandalism, or any other damage sustained by Client as a result of any services provided to Client, including the provision of workers under this Agreement. Client shall maintain such insurance as Client in its sole discretion shall determine, it being understood that Road Dog Industrial assumes no liability for loss or damage incurred as a result of workers' conduct while such workers are under the control of Client or performing work for Client.

11. Indemnity: Client shall indemnify, defend and hold harmless Road Dog Industrial, its parent company, affiliates, directors, officers, agents and employees, from and against any liability, loss, damage, cost expense, claim, suit or demand, including without limitation, attorney's fees and other legal costs, resulting from, arising out of or connected with, any of the following:

(a) Client's actual or claimed negligence; or

(b) Breach by Client of any provision of the agreement.

12. Authorized representatives: The parties agree and understand that only Road Dog Industrial officers are authorized to enter into this contract on behalf of Road Dog Industrial, and that any representations made by a sales agent or any other agent of Road Dog Industrial as to Road Dog

Industrial's obligations under this Agreement or otherwise, are unauthorized and void. Client represents to Road Dog Industrial that the representative signing below is duly authorized to execute this Agreement on behalf of Client. By signing below, Client acknowledges that he has read and understands the terms and conditions contained herein and agrees to such terms as a condition of doing business with Road Dog Industrial.

13. Changes to agreement: This Agreement is subject to change upon written notice to Client. Continued use of Road Dog Industrial's services thereafter, or completion of other business transactions through Road Dog Industrial subsequent to delivery by mail to Client's place of business of such written notice shall be evidence of Client's acceptance of any such changes.

14. Miscellaneous: No waiver of the provisions hereof shall be effective unless in writing and signed by Road Dog Industrial. If any item, provision or section of this Agreement is held invalid or unenforceable, under any statue or court decision, or any governmental rule or regulation, the remainder shall remain effective. This Agreement shall bind the respective heirs, executors, administrators, successors and assigns of Client and inure to the benefit of Road Dog Industrial and it successors, assigns and subrogees. This Agreement and any and all agreements or authorizations executed by the parties in connection herewith shall be governed by and interpreted in accordance with the substantive laws of the Commonwealth of Kentucky and to venue in the Circuit and Superior Courts of Jefferson County, Kentucky and the federal courts of the United States, sitting in Kentucky for the adjudication of any matters arising under or in connection with this Agreement. Any action initiated by Client against Road Dog Industrial relating to this Agreement shall be filed and conducted in said Courts.

| CLIENT: | ROAD DOG INDUSTRIAL: |
|---|---|
| By: [signature] | By: |
| Printed Name: Alison Meyer | Printed Name: |
| Title: Manpower Coordinator Darana Hybrid | Title: |
| Date: 4/4/18 | Date: |

Road Dog INDUSTRIAL

## Safety Agreement

Road Dog Industrial is a committed to providing a safe work environment for all of our employees. To do so, we partner with our clients to ensure that our employees are provided with the proper equipment, training and work environment to perform to work safely.

*We provide all Road Dog Industrial employees with the following, prior to assigning to your job site:*

- Extensive interview process that includes a review of safe work practices including both general safety tips and industry/job specific safety tips;
- Each employee must pass a basic safety exam to prove their knowledge of basic safe work practices and general attention to safety;
- Employees are equipped with basic personal protective equipment when required and agreed to for the position they're going to perform.

*Our Clients must provide the following to support a safe work environment:*

- Current accident prevention plan in place and ***request you provide a copy of that plan to your Road Dog Industrial account manager.***
- Prior to commencing work, provide Road Dog Industrial employee with a job site orientation that includes a review of site specific safety hazards, worksite First Aid kit location and injury reporting procedures. Also include Road Dog Industrial employees any ongoing Safety reviews including tailgating talks or brownbag lunches.
- Only allow employees to perform task and use tools/equipment that were previously described in the job description you provided us and for which they were screened. ***If you need to move a Road Dog Industrial employee from one position to another, please contact your Road Dog Industrial account representative to make sure that that individual has a necessary experience to be effective and safe in that position.***
- Any individual who will be driving vehicles or forklifts must be trained on the specific capabilities and safety concerns for that particular equipment.
- Provide employees with any PPE that is specific to the job assignment but which is not typical/basic PPE that they will bring to the job site. ***If you need the employee or Road Dog Industrial to provide this equipment please call us to discuss further.***
- Inform us of any exemplary performance in this area as well as any concerns you have with our employees safe work practices. http://roaddogindustrial.com/Employee-Job-Site-Evaluation.html
- Report all injuries to Road Dog Industrial at Safety@roaddogind.com and call your Road Dog Industrial representative.

I agree to provide a safe work environment for Road Dog industrial employees, including complying with the practices and responsibilities described above, a well as all applicable OSHA/MSHA regulations.

COMPANY Aurora Hybrid, Inc

Name of Signer (Please Print) Dawn Shaffer

**Signature** Dawn Shaffer **Date** 04/04/2018